THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. PE-
DRO LÓPEZ MUÑIZ, Defendant and Appellant.

Nos. 14112, 14283, 14284.   Argued March 6, 1950.—Decided March 13, 1950.

*Eudaldo Báez García* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Because they killed Monserrate Rivera with malice aforethought, Pedro López Muñiz and Otilio Marrero were accused by the District Attorney of Mayagüez of the crime of murder in the first degree.[1]  After a joint trial, the jury rendered verdict finding the former defendant guilty of murder in the second degree and acquitting the latter. López Muñiz was sentenced to from 10 to 12 years' imprisonment in the penitentiary at hard labor and from this judgment he appealed.  In his brief he charges the lower court with the four errors which we shall now pass to discuss.

---

[1] They were also charged with carrying weapons and violating the Registration of Firearms Act and these cases were submitted on the same evidence of the felony case.

██ He maintains in the first place that the lower court erred in allowing Dr. José Enrique Arrarás, whose name did not appear on the back of the information, to testify as a witness for The People. The admission of the testimony of a witness whose name does not appear on the back of the information is a matter entirely within the sound discretion of the trial court and we shall not disturb such discretion unless we are shown that there has been an abuse thereof. *People* v. *Garay*, 67 P.R.R. 815 and cases cited at page 819. Such abuse has not been shown here, especially if we take into consideration that the expert report of this doctor appeared in the record prior to the date of the trial and that therefore the defendant should have presumed that the former's testimony could be used by The People.

██ Appellant contends in the second place that the district court erred in not permitting him to cross-examine Cielo Sosa Padilla, witness for The People, with respect to the reputation of the house wherein she lived. When this incident arose the witness had already testified extensively and stated that at the time of the occurrence she was a loose woman. Besides, that for sometime now she had led an honest life. On cross-examination the defense tried to have her testify with respect to the reputation of the house in which she lived at the time of the trial. The district attorney objected and the court sustained his objection. In support of this error appellant maintains that the purpose of the cross-examination was to carry to the minds of the jury the idea that the witness Cielo Sosa Padilla was still at the date of the trial a woman of bad reputation and hence that her testimony deserved no credence.

The scope and extent of cross-examination is also a matter within the discretion of the trial judge and the use of such discretion shall not be disturbed on appeal unless there has been an abuse thereof. *People* v. *Pellicier*, 56 P.R.R. 846; *People* v. *Santiago*, 16 P.R.R. 446. Assuming, however, for the purpose of this opinion, that it was an error of

the court *a quo* not to allow such cross-examination, we would always be faced with the fact that the witnesses Diego de Jesús Nieves, René Camacho Caballery, and Rosa Elba Ramírez had already given their account of the event, similar in its details to the one given by the witness Cielo Sosa Padilla and that in giving credence to the testimony of those witnesses, but not to the testimony of the Sosa Padilla woman, the jury could always have arrived at the same conclusion. Hence, the fact that the cross-examination in question was not allowed in nowise constitutes reversible error.

■■ At the close of defendant's evidence, the prosecuting attorney stated that he was going to offer as evidence in rebuttal the testimony given before him by defendant López Muñiz. Appellant's attorney objected thereto but after the jury had withdrawn and the stenographer of the district attorney had been thoroughly examined with respect to the manner in which the testimony was given, the court reached the conclusion that it had been voluntary and admitted it in evidence. The order to that effect motivated the third error assigned by the appellant. He insists that the admission in evidence of such testimony deprived him of the right to cross-examine the affiant, since he could not "cross-examine a piece of paper," as well as of the opportunity to present evidence showing that the confession was not a voluntary act on his part and of showing that the stenographer, because of lack of sufficient capability did not transcribe correctly his testimony. Appellant is wrong. When the rebutting evidence presented by the prosecuting attorney was admitted, he could have asked leave of court to offer evidence in surrebuttal. It is possible that the court would have admitted such evidence. 64 C.J. 157, § 178; 53 Am. Jur. 108, § 122; VI Wigmore on Evidence 517, § 1874. The defendant made no request to that effect, but instead was content to insist that the evidence in rebuttal was inadmissible.

As to the capability of the stenographer, the latter had testified extensively when cross-examined by the attorney

for the defense and although he admitted that while acting as court reporter on two different occasions, he had met with small difficulties, he made it clear that it was due, not to the fact that he could not transcribe his notes, but because he had been unable to find at once the questions he was asked to read to the court. He also stated that it is one thing to work as a court reporter and another to be the stenographer of a prosecuting attorney.

On the other hand, it was not in fact a confession made by the defendant, but merely a statement given by him in which, although admitting that he had killed Monserrate Rivera, he insisted that he had done so in self-defense. His version of the events, however, was not identical to that given by the two witnesses who had testified in his behalf. Hence, nothing prevented the prosecuting attorney from presenting then the testimony of the defendant as rebutting evidence. *People* v. *Méndez*, 64 P.R.R. 189. Under these circumstances the lower court did not err either in admitting defendant's testimony as rebutting evidence.

■■ The fourth and last error assigned by the appellant is that the lower court erred in finding the defendant guilty inasmuch as the verdict of the jury was not supported by the evidence. The evidence for The People tended to show that about half past 10 on the night of June 27, 1946, the defendants Pedro López Muñiz and Otilio Marrero arrived in an automobile at a place known as Guanajibo Beach Club, accompanied by José Román Bonet, Rosa Elba Ramírez, and Angélica Rivera; that the vehicle was driven by the chauffeur Efraín Alvarez Alvarez; that José Román Bonet, who was drunk, and was in one of the booths, started an argument with Angélica Rivera and twisted her arm; whereupon she hit him on the head with a bottle; that Monserrate Rivera, who was in another booth, interfered whereupon a fight ensued between the latter and José Román Bonet; that the fight, which began in the cabaret, was continued on the road, some other persons getting into it and ending shortly thereafter;

that the defendants and their companions then left for Mayagüez, returning to the Guanajibo Beach Club about two hours later accompanied by one Reyes Negrón Correa, known as Achiotón; that upon arriving at the establishment, they asked the owner thereof, Diego de Jesús Nieves, if they could come in and upon the latter answering in the affirmative they did so; that shortly thereafter, Monserrate Rivera who had also left, arrived and asked for a glass of rum and when he looked inside the booth occupied by the defendants, Otilio Marrero struck at him with a knife he had; that Monserrate Rivera struck him with his fist and grabbed the hand with which Marrero held the knife; that in the struggle to obtain possession of the knife, Rivera and Marrero went out to the road and that then defendant López Muñiz asked Achiotón for a black revolver the latter had, and fired at Rivera five or six shots, three of them while Rivera was lying on the ground.

The evidence for the defense corroborates the account given by the witnesses for the prosecution with respect to the first quarrel in the cabaret and varies with respect to what happened the second time when the defendants and their companions met Monserrate Rivera again. The version of the defendants as to this second incident was that it was not Otilio Marrero who attacked Monserrate Rivera with a knife but that, on the contrary, it was Monserrate Rivera who, upon seeing Marrero tried to slash him with a knife; that it was Marrero who grabbed Rivera's hand in order to take the knife away from him; that in the struggle for the knife and upon going down to the road some eight persons assailed Marrero and that when he fell down all of them kicked him; that in the meantime, and while Marrero was lying defenseless on the ground, several shots were fired by unidentified persons in the direction of the Reform School towards Mayagüez, and that hence defendant López Muñiz, in order to repel the aggression, fired the gun towards the place from where the shots had come.

In a trial by jury, the latter is the judge of the facts and the one called upon to weigh the evidence. Such weighing shall not be reversed on appeal unless we are convinced that in so doing the jury committed manifest error or acted under the influence of passion, prejudice, or partiality. *People* v. *Rivera*, 67 P.R.R. 179, 186. We think there is sufficient evidence in the record to support the verdict of the jury and we have not been convinced that in rendering it the jury acted under the influence of passion, prejudice or partiality.

No brief has been filed in the cases for carrying weapons and violation of the Registration of Firearms Act. This is sufficient by itself for us not to consider the appeals taken therein.

The judgments appealed from will be affirmed.